## UNITED STATES DISTRICT COURT

Leslye: Senecharles

   PLAINTIFF ,

vs.

MIAMI-DADE COUNTY, *et al.*

  DEFENDANTS.

)
)
)
)
)
)
)
)
)

SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-20173-ALTMAN

FILED BY _____ D.C.

JUN 29 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

## PLAINTIFF'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

### PRELIMINARY STATEMENT

Defendants ask this Court to dismiss Plaintiff's Complaint at the pleading stage by accepting Defendants' version of disputed facts, crediting the alleged victim's account, and resolving a probable-cause question as a matter of law. That argument fails because it asks the Court to do precisely what ***Rule 12(b)(6)*** forbids. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Keating v. City of Miami,* 598 F.3d 753, 762 (11th Cir. 2010). Plaintiff alleges: **(1)** seizure at the threshold of his home without a warrant, consent, or exigent circumstances, Compl. ¶¶ 20–21 ***Ex. I*** ; **(2)** arrest procured through materially false statements and deliberate omissions in the probable-cause affidavit, Compl. ¶¶ 25–29; **(3)**

deliberate disregard of alibi witness Monique Roberson, Compl. ¶ 26; **(4)** suppression of material exculpatory evidence, Compl. ¶¶ 29–30; **(5)** 19 months of pretrial detention without competent corroborating evidence, Compl. ¶ 31; and **(6)** a municipal custom and practice of constitutional violations, Compl. ¶ 74. The criminal charges were terminated in Plaintiff's favor by *nolle prosequi* on November 4, 2024. Compl. ***Ex. E*** ¶ 39. Defendants' Motion should be denied in its entirety. As set forth below, Plaintiff's federal claims survive qualified immunity because the Complaint plausibly alleges specific factual contradictions and material omissions that, accepted as true, preclude dismissal under ***Rule 12(b)(6)***; the Brady claim is adequately pled with identified evidence and specific officers; the state-law claims are not barred by ***§ 768.28*** because written notice was timely provided; the Monell claim identifies a pattern of prior MDPD misconduct across three separate incidents; and Defendants' blanket motion to stay should be denied because Miami-Dade County has no qualified immunity and the qualified-immunity question itself turns on disputed facts.

## LEGAL STANDARD

Defendants correctly recite the ***Rule 12(b)(6)*** standard but then disregard it entirely. To survive dismissal, a complaint need only allege sufficient factual matter, accepted as true, to state a claim plausible on its face. *Twombly,* 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true and draw every reasonable inference in Plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs.,* 623 F.3d 1371, 1379 (11th Cir. 2010). The Court may not weigh evidence, determine credibility, or resolve competing factual narratives. *Keating,* 598 F.3d at 762; *St. George v. Pinellas Cnty.,* 285 F.3d 1334, 1337 (11th Cir. 2002). Pro se pleadings are held to an even more liberal standard. *Erickson v. Pardus,* 551 U.S. 89, 94

26-cv-20173-ALTMAN

(2007). **Rule 8** requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. A plaintiff is not required to prove his claims or rebut every competing factual inference at the pleading stage.

## ARGUMENT

### I. PLAINTIFF'S FEDERAL CLAIMS AGAINST THE OFFICERS SURVIVE QUALIFIED IMMUNITY.

**A. Defendants' Probable Cause Argument Depends on Disputed Facts That Cannot Be Resolved on a Motion to Dismiss.**

Defendants argue the Officers had probable cause based on the alleged victim's statement and her daughter's corroboration. See MTD at 6–8. That argument fails because it asks the Court to accept Defendants' version of disputed facts and resolve factual contradictions in Defendants' favor, which is impermissible on a **Rule 12(b)(6)** motion. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

Plaintiff alleges five specific factual contradictions and omissions in the probable-cause affidavit: **(1)** a documented phone-number discrepancy reflected in the Arthur Hearing transcript, **Ex. A**; **(2)** AT&T records that Plaintiff alleges are inconsistent with the affidavit's account of the telephone calls preceding the alleged offense, *Ex. B*; **(3)** a prior MDPD incident report identifying Monique Roberson and placing a Baker Acted individual at Plaintiff's residence, which Plaintiff alleges supports his alibi, *Ex. C*; **(4)** materially inconsistent accounts concerning the alleged firearm; and **(5)** Defendants' alleged omission from the probable-cause affidavit of their contact with Plaintiff's identified alibi witness, Monique Roberson, and the information obtained from that contact.

These allegations go beyond a mere credibility dispute. Plaintiff identifies specific factual allegations that, if accepted as true, plausibly demonstrate material inaccuracies and omissions in the probable-cause affidavit. Where an officer knowingly or recklessly includes false statements or omits material facts necessary to a probable-cause determination, the resulting arrest may violate the **Fourth Amendment**. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986); *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004).

## B. Defendants' Reliance on Fleuranville Does Not Control Here.

Defendants rely on *Fleuranville v. Miami-Dade County*, No. 24-11741, 2025 WL 1009532 (11th Cir. Apr. 4, 2025), for the proposition that a victim's statement plus a child's corroboration categorically establishes probable cause. That argument fails for three reasons.

First, in *Fleuranville*, the plaintiff alleged no specific misrepresentations or material omissions in the investigative record. *Id. at *2*. Here, Plaintiff alleges concrete contradictions in the officers' own affidavit and investigative materials, supported by documentary exhibits. *Franks*, 438 U.S. at 155–56. *Fleuranville* does not address, much less resolve, a Franks challenge.

Second, *Fleuranville* involved no allegation of a suppressed alibi witness, no documented phone-number discrepancy, no contradicting telecommunications records, and no prior MDPD incident narrative establishing the plaintiff's alibi. The factual record here is materially different.

Third, even if *Fleuranville* immunized the initial arrest, it does not immunize the 19-month pretrial detention based on fabricated probable cause. *Manuel v. City of Joliet*, 580 U.S. 357,

364–65 (2017). Accordingly, Defendants' request to dismiss Counts I through IV based on *Fleuranville* should be denied.

### 1. Plaintiff Plausibly Alleges Material Misrepresentations and Omissions Under Franks v. Delaware.

Defendants argue that the arrest affidavit establishes probable cause. Plaintiff alleges otherwise. The affidavit identifies Plaintiff's phone number as **(754) 242-3385**, which Plaintiff alleges is not his number. Plaintiff's actual phone number is **(754) 779-5716**. **Ex. F**; Compl. ¶¶ 28–30. The affidavit further states that Plaintiff repeatedly called the alleged victim before arriving at her residence. However, the State's own AT&T records reflect three outgoing calls from the alleged victim's phone to Plaintiff's actual phone number during the relevant time period. **Ex. B**, *Items 76, 77,* and *79.* At the Arthur hearing, Detective Llanes testified he did not know whose phone number appeared in those records, and the prosecutor later identified it as the alleged victim's number. **Ex. A** at 1578:2–17, 2057:17.  Accepting Plaintiff's allegations as true, these facts plausibly support the inference that the affidavit contains material inaccuracies or omissions regarding a foundational aspect of the probable cause determination. Plaintiff is not asking the Court to resolve this factual dispute at the pleading stage. Rather, these allegations are sufficient to state a plausible claim under *Franks v. Delaware,* 438 U.S. 154 (1978), and preclude dismissal under **Rule 12(b)(6)**.

### 2. The Complaint Plausibly Alleges Material Inconsistencies in the Investigation.

Plaintiff further alleges that the arrest affidavit is materially inconsistent with the State's own evidence regarding the alleged firearm. The arrest affidavit states that Plaintiff "pointed a firearm

at her face." **Ex. F** at 1. However, the alleged victim's sworn affidavit states that the firearm was placed to her head. **Ex. G** ¶ 14. Her deposition testimony likewise describes the firearm as being pointed to the top of her head throughout the alleged assault. **Ex. A** at 51:4, 53:13, 54:1. Neither sworn statement describes the firearm as being pointed at her face. Accepting these allegations as true, Plaintiff plausibly alleges that the probable-cause affidavit attributed to the alleged victim a materially different account of a central fact supporting probable cause. Such allegations are sufficient to state a plausible claim under *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978), and preclude dismissal under **Rule 12(b)(6)**.

Plaintiff further alleges that Defendants recovered no firearm, no DNA evidence, no forensic evidence, and no verified CSLI data linking Plaintiff to the alleged offense. Although investigators represented during Plaintiff's interrogation that Plaintiff's cellular telephone had been *"pinged"* at the alleged victim's residence, Plaintiff alleges that no CSLI or comparable location data was ever produced. Compl. ¶¶ 24–30. Accepting these allegations as true, Plaintiff plausibly alleges that Defendants arrested Plaintiff without a warrant following a materially incomplete investigation. At this stage, the Court need only determine whether the Complaint plausibly alleges constitutional violations; not resolve disputed facts or weigh competing evidence. It does. See *Franks v. Delaware*, 438 U.S. 154 (1978); *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). The arrest affidavit is further contradicted by inconsistencies in the alleged time and date of the offense. The affidavit states the incident occurred at 1:00 a.m. on August 7, 2020. Ex. F at 1. However, at the Arthur hearing, Detective Llanes testified that the alleged victim told him only that the incident occurred in the "wee hours of the morning" and that she "was unsure of the exact timing." Ex. A at 1295:24–1302:7. When the Court asked

Detective Llanes whether the alleged victim specified if it was "3:00, 4:00, 1:00, or 2:00 or anything like that," Detective Llanes confirmed: "To me, she didn't give me a specific time." Id. at 1307:11–13. The alleged victim's own sworn affidavit references a time between 4:00 a.m. and 5:00 a.m., materially different from the 1:00 a.m. stated in the arrest affidavit. Ex. G. Additionally, Defendants' own Summary Narrative Report identifies **August 7, 2022**, as the date of the alleged offense, rather than **August 7, 2020**, as stated in the arrest affidavit. Ex. H. Detective Llanes recorded a specific time in the arrest affidavit that his own testimony confirms the alleged victim never provided to him. Defendants' own records cannot agree on when the alleged crime occurred. Accepting these allegations as true, a probable cause affidavit that states a specific time and date contradicted by the detective's own testimony, the alleged victim's sworn affidavit, and Defendants' own Summary Narrative Report is precisely the kind of material misrepresentation *Franks* condemns. 438 U.S. at 155–56.

**3. The Complaint Plausibly Alleges a Material Omission Regarding Plaintiff's Arrest.**

Plaintiff also alleges that the arrest affidavit misstates the date and location of his arrest. The affidavit lists Plaintiff's arrest as occurring on April 6, 2023, at the Miami-Dade Police station in Doral. **Ex. F** *at 1*. Plaintiff alleges that he was actually seized in handcuffs from his residence on *April 5, 2023*, and then transported to the police station. **Ex. H** Compl. ¶¶ 16–20.

Accepting these allegations as true, the Complaint plausibly alleges that the affidavit omitted the constitutionally significant fact that Plaintiff was arrested at his home without a warrant. See *Payton v. New York,* 445 U.S. 573, 590 (1980). Whether this omission was material to the

probable-cause determination is a factual issue that cannot be resolved on a **Rule 12(b)(6)** motion. See *Franks v. Delaware,* 438 U.S. 154, 155–56 (1978).

### 4. The Complaint Plausibly Alleges the Absence of Probable Cause.

Taken together, Plaintiff alleges numerous material inaccuracies and omissions in the probable-cause affidavit, including: **(1)** an incorrect telephone number attributed to Plaintiff; **(2)** AT&T records that Plaintiff alleges are inconsistent with the affidavit's account of the calls preceding the alleged offense; **(3)** materially different accounts regarding the alleged firearm; **(4)** the omission of details from the alleged victim's initial statement; **(5)** the absence of DNA, forensic evidence, a recovered firearm, or verified CSLI data; **(6)** an incorrect employment designation; and **(7)** alleged inaccuracies regarding the date and location of Plaintiff's arrest.

Under *Franks v. Delaware,* probable cause cannot rest upon material false statements or omissions. 438 U.S. 154, 155–56 (1978). Accepting Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Complaint plausibly alleges that the affidavit contained material inaccuracies affecting the probable-cause determination. Plaintiff is not asking the Court to resolve these factual disputes at the pleading stage. Rather, the allegations are sufficient to state plausible ***Fourth Amendment*** claims and preclude dismissal under **Rule 12(b)(6)**. See *Rankin v. Evans,* 133 F.3d 1425, 1435 (11th Cir. 1998); *Kingsland v. City of Miami,* 382 F.3d 1220, 1232 (11th Cir. 2004). Accordingly, Defendants' request to dismiss Counts I through IV on probable-cause grounds should be denied.

**C. The Officers Are Not Entitled to Qualified Immunity Because the Violated Rights Were Clearly Established.**

Defendants argue Plaintiff cannot identify binding precedent barring their conduct. That argument fails because it misstates the standard. A plaintiff need not identify a prior case with identical facts. *Hope v. Pelzer,* 536 U.S. 730, 741 (2002); *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). The unlawfulness of the conduct must be apparent in light of pre-existing law. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Long before April 2023, it was clearly established that: officers may not make warrantless, nonconsensual arrests at the home without exigent circumstances, *Payton v. New York,* 445 U.S. 573, 590 (1980); officers may not procure probable cause through knowing false statements or material omissions, *Franks,* 438 U.S. at 155–56; *Malley,* 475 U.S. at 344–45; officers who omit exculpatory information from an affidavit to manufacture probable cause are not entitled to immunity, *Kingsland,* 382 F.3d at 1232; *Williams v. Aguirre,* 965 F.3d 1147, 1162–64 (11th Cir. 2020); and continued pretrial detention premised on fabricated probable cause violates the **Fourth Amendment**, *Manuel,* 580 U.S. at 364–65; *Paez v. Mulvey,* 915 F.3d 1276, 1285–86 (11th Cir. 2019).

Accepting Plaintiff's allegations as true, each Officer participated in conduct that was plainly unconstitutional under well-established law. The Supreme Court has specifically reversed grants of qualified immunity where lower courts improperly accepted officers' version of disputed facts rather than the plaintiff's. *Tolan v. Cotton,* 572 U.S. 650, 656–57 (2014) (per curiam) (reversing qualified immunity where court failed to credit plaintiff's evidence and drew inferences in officers' favor). That is precisely what Defendants ask this Court to do here. Defendants' request to dismiss Counts I through V on qualified immunity grounds should be denied.

**D. Plaintiff's Brady / Suppression Claim Is Adequately Pled: Count V.**

Defendants argue Count V fails for two reasons: **(1)** the exculpatory evidence was known to Plaintiff; and **(2)** the Complaint fails to specify what information was withheld. Both arguments fail.   First, Defendants confuse the defense's independent discovery with the officers' independent constitutional obligation. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). The officers' disclosure obligation runs to the prosecutors at the time of investigation, not to what Plaintiff's defense team later uncovered through independent effort. *McMillian v. Johnson,* 88 F.3d 1554, 1567 (11th Cir. 1996). The fact that Plaintiff's private investigator eventually located some of this evidence does not retroactively cure the officers' failure to disclose it to prosecutors when it mattered. *Strickler v. Greene,* 527 U.S. 263, 280–81 (1999). The prosecution team includes the investigating officers, and the government's Brady obligation encompasses evidence known to police even if not known to the prosecutor. *Kyles v. Whitley,* 514 U.S. 419, 437–38 (1995). Suppression occurs when any member of the prosecution team fails to disclose favorable evidence, regardless of whether the defense independently uncovers it afterward. Whether Defendants actually disclosed this information to prosecutors is a factual question that cannot be resolved on a **Rule 12(b)(6)** motion. *Banks v. Dretke,* 540 U.S. 668, 691 (2004).

Second, the Complaint is not vague. Plaintiff specifically alleges Defendants failed to convey to prosecutors: alibi witness Monique Roberson's identity and contact information, Compl. ¶ 26; the prior MDPD incident narrative placing Plaintiff at his residence with Roberson as the complainant, **Ex. C**; and the AT&T records directly contradicting the phone-number

representation in the affidavit, **Ex. B**. These are specific, identified items, not general references to unspecified *"material exculpatory information."*

Accordingly, Defendants' request to dismiss Count V should be denied.

## II. THE STATE-LAW FALSE IMPRISONMENT CLAIM IS NOT BARRED BY PROBABLE CAUSE: COUNT VII.

Defendants argue Count VII must fail because probable cause existed. That argument fails for the same reason the federal claims survive: Plaintiff has plausibly alleged that the probable-cause determination was procured through material misrepresentations and omissions. Because the existence of probable cause is itself a disputed factual question that cannot be resolved on the pleadings, the state false imprisonment claim survives as well. *Rankin v. Evans,* 133 F.3d 1425, 1433 (11th Cir. 1998). Accordingly, Defendants' request to dismiss Count VII on probable cause grounds should be denied.

## III. PLAINTIFF'S STATE-LAW CLAIMS ARE NOT BARRED BY FLORIDA STATUTE § 768.28.

### A. Plaintiff Provided Actual Written Notice on July 27, 2023.

Defendants argue Plaintiff failed to comply with **§ 768.28(6)(a)**'s presuit notice requirement. On *July 27, 2023*, within four months of the April 5, 2023 arrest, Plaintiff filed a sworn written claim in the Eleventh Judicial Circuit of Miami-Dade County, Case No. *F-23-007036*, identifying Miami-Dade County and each MDPD officer by name, describing the warrantless seizure and arrest, asserting civil claims for damages, and demanding specific relief. **Ex. D** at 1-11. The filing packet included a Notice of Removal, an Affidavit of Truth, and a notice of claim for damages. The Clerk accepted, file-stamped, and docketed the filing on July 27, 2023. **Ex. D;**

*Criminal Docket Entry No. 85.* Although the docket reflects only the abbreviated description "AFFIDAVIT OF TRUTH, NOTICE OF REMOVAL," the filing packet itself included Plaintiff's civil claim for damages at pages 9 and 10. **Ex. D** at 1-11.

The purpose of **§ 768.28's** notice requirement is to provide the governmental entity an opportunity to investigate and, where appropriate, resolve claims before litigation. *Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988). Accepting Plaintiff's allegations as true, Plaintiff has plausibly alleged compliance with **§ 768.28**. Defendants' challenge raises issues concerning a statutory condition precedent that are not appropriately resolved on a **Rule 12(b)(6)** motion. See *Haratz v. Wells Fargo Bank*, 372 So. 3d 286 (Fla. 4th DCA 2023). Accordingly, dismissal of Plaintiff's state law claims is unwarranted. See *City of Miami v. Padgett*, 843 So. 2d 340 (Fla. 3d DCA 2003); *Kastner v. Dep't of Transp.*, 686 So. 2d 673 (Fla. 3d DCA 1997).

**B. Alternatively, the Claim Did Not Accrue Until November 4, 2024.**

Defendants assume the claim accrued on the arrest date of *April 5, 2023*, without citation to controlling Florida authority establishing that accrual date for a false imprisonment claim arising from continued pretrial detention. That assumption cannot be resolved as a matter of law on a *Rule 12(b)(6)* motion. Florida law provides that a cause of action accrues when the last element constituting the cause of action occurs. Fla. Stat. *§ 95.031(1)*. Whether that last element occurred at arrest or upon Plaintiff's release on *November 4, 2024*, after 19 months of detention, Compl. ¶ 39 **Ex. E**, is a legal question that should not be resolved against Plaintiff at the pleading stage. At minimum, the accrual question presents a legal issue on which dismissal with prejudice is premature. Alternatively, even if the accrual date were *April 5, 2023*, Plaintiff filed actual

written notice on *July 27, 2023*, well within any three-year window Defendants assert. The *§ 768.28* question therefore cannot support dismissal with prejudice on the present record.

**C. Defendants' Reliance on Levine Is Misplaced.**

Defendants cite *Levine v. Dade Cnty. Sch. Bd.,* 442 So. 2d 210, 213 (Fla. 1983), for the proposition that dismissal with prejudice is required when the notice period has expired. That argument fails because *Levine*'s mandatory dismissal rule is narrow: it applies only where the claimant gave no notice whatsoever and the statutory period has fully expired with no possibility of cure. Neither condition is satisfied here. Plaintiff provided written notice on *July 27, 2023*, well before any conceivable deadline expired. The accrual date itself remains a disputed legal question that cannot be resolved against Plaintiff on a *Rule 12(b)(6)* motion. Where, as here, notice was given and the accrual question is genuinely disputed, dismissal with prejudice is improper. Defendants' reliance on *Levine* therefore cannot support dismissal with prejudice on this record.   Accordingly, Defendants' request to dismiss Count VII with prejudice under *§ 768.28* should be denied.

**D. The Individual Officers Are Not Immune Under § 768.28(9)(a).**

Defendants invoke sovereign immunity for the individual officers. That argument fails because Florida Stat. *§ 768.28(9)(a)* expressly provides personal liability where officers act "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights." Plaintiff alleges Defendants knowingly included false statements in the affidavit, falsely announced *"He has a gun"* to escalate the seizure, ignored a named alibi witness, and continued

the prosecution despite knowledge of exculpatory evidence. Compl. ¶¶ 21, 25–29. These allegations invoke the bad-faith exception. Accordingly, sovereign immunity does not shield the individual officers and their dismissal on that basis should be denied.

## IV. COUNT VIII STATES A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Defendants argue Count VIII fails because the alleged conduct is not sufficiently outrageous. That argument fails because it views each act in isolation rather than as a whole. *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985). Plaintiff does not allege mere arrest. He alleges: a false firearm announcement to escalate the seizure, Compl. ¶ 21; a 19-month pretrial detention premised on fabricated evidence, Compl. ¶ 31; deliberate suppression of an alibi witness, Compl. ¶ 26; and continuation of prosecution by seven successive prosecutors despite the complete absence of DNA, forensic, or physical evidence, Compl. ¶¶ 28, 32. Taken in totality and accepted as true, these allegations plausibly satisfy the outrageousness standard. Whether this conduct goes "beyond all possible bounds of decency" is a question of law that cannot be resolved against Plaintiff on a **Rule 12(b)(6)** motion where the alleged facts are this severe. Accordingly, Defendants' request to dismiss Count VIII should be denied.

## V. PLAINTIFF PLAUSIBLY STATES A MONELL MUNICIPAL LIABILITY CLAIM: COUNT X.

### A. Plaintiff Identifies an Unofficial Custom and Pattern of Prior Violations.

Defendants argue Plaintiff fails to identify a policy, custom, or practice beyond his own case. That argument fails because Plaintiff identifies three prior MDPD incidents that plausibly

support the inference of a widespread custom or practice sufficient to satisfy *Monell* at the pleading stage. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011).

First, *United States v. Gonzalez* (2010): Plaintiff alleges this prior incident, in which MDPD officers were federally indicted for fabricating evidence and making false reports, supports the plausibility of a longstanding custom or practice of officer misconduct that the County failed to correct. Second, *Casado v. Miami-Dade County*, No. 1:18-cv-22491 (S.D. Fla.) (settled): Plaintiff alleges this prior civil rights action, involving contradictions between MDPD officer affidavits and body-camera footage, supports the plausibility of a custom or practice of false reporting directly mirroring the conduct alleged here. Third, *Paez v. Mulvey*, 915 F.3d 1276, 1285–86 (11th Cir. 2019): The Eleventh Circuit recognized § 1983 claims arising from fabricated evidence and unconstitutional investigative practices by MDPD officers, directly mirroring the conduct alleged here. These three incidents plausibly support the inference of a persistent and widespread pattern sufficient to survive a **Rule 12(b)(6)** motion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1328–30 (11th Cir. 2015). Defendants' assertion that Plaintiff "simply cites his own case" is factually incorrect. Plaintiff identifies three prior MDPD incidents by name, spanning 2010 through 2019, each involving MDPD officers and each mirroring the fabrication and false-reporting conduct alleged here. That is precisely the kind of pattern *Weiland* and *Craig* require. At the pleading stage, Plaintiff is not required to prove the existence of a widespread custom. He need only allege sufficient facts to support a plausible inference of municipal liability. Discovery, not dismissal, is the proper mechanism for determining whether

Plaintiff can ultimately prove the existence of the alleged municipal custom or practice. *Twombly,* 550 U.S. at 570.

**B. Plaintiff Plausibly Alleges Supervisory Ratification.**

Defendants argue no final policymaker ratified the challenged conduct. That argument fails because Sgt. Jesse Valdivia reviewed, approved, and supervised the investigative reports underlying Plaintiff's arrest and continued detention. Compl. ¶¶ 12, 21. Ratification of unconstitutional conduct by a supervisor with authority to approve or disapprove satisfies *Monell*'s causation requirement. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988). Whether Sgt. Valdivia constituted a final policymaker is a factual question that cannot be resolved at the pleading stage.

**C. Plaintiff Plausibly Alleges Deliberate Indifference Through Failure to Train.**

Defendants argue Plaintiff has not alleged deliberate indifference. That argument fails because where the need for training is obvious and the failure to train is likely to result in constitutional violations, deliberate indifference may be inferred. *City of Canton v. Harris,* 489 U.S. 378, 388–89 (1989). Plaintiff alleges Miami-Dade County failed to train officers on Brady disclosure obligations, alibi investigation protocols, and the constitutional requirements governing warrantless home seizures, failures that directly caused the violations alleged here. Compl. ¶ 74. At the pleading stage, these allegations are sufficient.

**D. Miami-Dade County Has No Qualified Immunity.**

Defendants' Motion seeks to stay proceedings as to all Defendants based on qualified immunity. That argument fails as to Miami-Dade County because municipalities are categorically ineligible for qualified immunity. *Owen v. City of Independence,* 445 U.S. 622, 638 (1980). Accordingly,

26-cv-20173-ALTMAN

Defendants' request to dismiss Count X should be denied, and any stay must exclude Miami-Dade County.

## VI. COUNT IX: PLAINTIFF DOES NOT OPPOSE DISMISSAL BUT REQUESTS LEAVE TO AMEND.

Defendants argue Plaintiff lacks standing to seek injunctive and declaratory relief under Count IX. Plaintiff does not oppose dismissal of Count IX without prejudice and respectfully requests leave to amend to replead standing with greater specificity if necessary. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

## VII. THE COMPLAINT IS NOT A SHOTGUN PLEADING.

Defendants argue the Complaint fails to differentiate among officers and is replete with conclusory allegations. That argument fails.

The Complaint specifically alleges: Officers Llanes and Espana physically seized and transported Plaintiff, Compl. ¶ 21; Officers Quiroz, Marc, Hayes, and Sgt. Valdivia participated in the investigation, preparation, review, approval, and supervision of investigative reports and the probable-cause determination, Compl. ¶¶ 12–15. Defendants point to Count I's arrest allegations as naming officers not physically present at the seizure. That characterization ignores that Count I challenges not only the physical seizure but the entire unlawful arrest process, including the affidavit preparation, supervisory approval, and probable-cause determination, in which all named officers participated. This level of differentiation, made before Plaintiff has had access to body-worn camera footage, interrogation recordings, dispatch logs, and internal supervisory communications that remain solely in Defendants' possession, is precisely what *Rule 8* and

*Twombly* require. *Twombly,* 550 U.S. at 570.  Unlike the complaints criticized in Weiland, Plaintiff's Complaint gives each Defendant fair notice of the conduct alleged against him and the legal basis for each claim. To the extent this Court identifies any pleading deficiency, dismissal with prejudice is unwarranted. The Eleventh Circuit disfavors dismissal with prejudice at the pleading stage where a more carefully drafted complaint might state a claim. *Bryant v. Dupree,* 252 F.3d 1161, 1163–64 (11th Cir. 2001). Plaintiff respectfully requests leave to amend. *Foman,* 371 U.S. at 182.

## VIII. DEFENDANTS' MOTION TO STAY SHOULD BE DENIED OR NARROWLY LIMITED.

Defendants request a blanket stay of all proceedings based on qualified immunity. That request fails for two reasons. First, Miami-Dade County has no qualified immunity and is not entitled to any stay of proceedings. *Owen,* 445 U.S. at 638. A blanket stay would wrongly insulate the County from litigation it has no right to avoid and would delay Plaintiff's access to evidence that Defendants alone possess, including body-worn camera recordings, interrogation video, dispatch logs, cellular-location records, supervisory communications, and disciplinary files.

Second, even as to the individual officers, the qualified immunity question itself turns on disputed facts. At a minimum, discovery directed solely to Miami-Dade County should proceed because the County cannot invoke qualified immunity. Staying the entire case before those facts are developed would prejudice Plaintiff and is not required by law. Plaintiff does not oppose a narrowly tailored limitation on merits discovery directed solely to individual officers while qualified immunity is briefed. However, any such limitation must: **(1)** expressly exclude Miami

Dade County; **(2)** require immediate preservation of all relevant evidence; and **(3)** permit Plaintiff to seek emergency relief if evidence is at risk of destruction.

Accordingly, Defendants' Motion to Stay should be denied. Alternatively, any stay must be narrowly limited as described above. Defendants repeatedly ask this Court to resolve factual disputes, weigh competing evidence, and accept the officers' account over Plaintiff's allegations. *Rule 12(b)(6)* permits none of those things. Whether Defendants' version of events is ultimately correct will be determined through discovery and, if necessary, summary judgment or trial. At this stage, Plaintiff need only plausibly allege constitutional violations. He has done so.

## CONCLUSION

Accepting the well-pleaded allegations as true, as **Rule 12(b)(6)** requires, Plaintiff has plausibly alleged constitutional and state-law claims sufficient to proceed to discovery. For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **DENY** Defendants' Joint Motion to Dismiss Counts I through VIII and Count X in their entirety;

2. **DISMISS** Count IX without prejudice and **GRANT** leave to amend;

3. **DENY** Defendants' Motion to Stay, or alternatively limit any stay solely to individual-officer qualified immunity discovery;

4. **ORDER** Miami-Dade County's claims to proceed without any stay;

5. **ORDER** Defendants to immediately preserve all evidence relevant to Plaintiff's claims; and

26-cv-20173-ALTMAN

6. Alternatively, should the Court determine that any count is insufficiently pleaded, **GRANT**

Plaintiff leave to amend pursuant to *Federal Rule of Civil Procedure 15(a)(2)*.

Defendants' Motion to Dismiss and Motion to Stay should therefore be *denied*.

Respectfully submitted,

Leslye Senecharles
Plaintiff, Pro Se

Without Prejudice

All Rights Reserved

UCC 1-308

14311 Biscayne Blvd; Ste: 612194

North Miami, F1 33181

(754) 779-5716

Date June 29, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29 , 2026, a true and correct copy of the foregoing was served upon all counsel of record through the Court's CM/ECF system.

Leslye Senecharles, Plaintiff, Pro Se